

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2007

# Byrd v. Karpinsky

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4411

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Byrd v. Karpinsky" (2007). *2007 Decisions*. Paper 970.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/970

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-222                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4411
_____

JOHN BYRD,
                                    Appellant

vs.

SERGEANT KARPINSKY; C.O. TELEGA; C.O. KALBFELL;
CORRECTIONAL OFFICER WISYANSKI;
CORRECTIONAL OFFICER GARRETSON;
HORN; BLAINE

_____
On Appeal From the United States District Court
For the Western District of Pennsylvania
(W.D. Pa. Civ. No. 02-cv-01454)
Magistrate Judge:  Honorable Lisa P. Lenihan
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
May 10, 2007

BEFORE:  McKEE, FUENTES and WEIS, CIRCUIT JUDGES

(Filed: June 8, 2007)

_____

OPINION
_____

PER CURIAM.

        John Byrd, a Pennsylvania state prisoner proceeding pro se, appeals a

judgment entered in favor of Sergeant Karpinsky and three correctional officers in his civil rights action. We will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Byrd's complaint was based on a fight that broke out in the prison exercise yard. Byrd alleged that the correctional officers were deliberately indifferent to his personal safety by handcuffing and abandoning him, and allowing another inmate to stab him. According to the correctional officers, however, Byrd also had a weapon, and an inmate stabbed Byrd while the officers struggled to restrain him.

The District Court appointed counsel to represent Byrd, and the parties agreed to proceed before a Magistrate Judge. After a two-day trial, the jury returned a verdict in favor of Karpinsky and the correctional officers. The jury found that there was a substantial risk that another inmate could attack Byrd in the exercise yard on the date of the incident, but the jury did not find that Karpinsky and the correctional officers were aware of that risk and disregarded it. This appeal followed.

In his brief, Byrd complains that he was not present when the jury was chosen. Byrd does not contend, however, that there was a problem with the jury selection process or with the jurors who were selected. Absent an argument that Byrd was prejudiced in some way, further briefing on this issue is not warranted.

Byrd also notes in his brief that the District Court denied his motion for transcripts. Byrd requested transcripts of proceedings not held in his case, including preliminary hearing, suppression hearing, and sentencing hearing transcripts. In addition

to the trial transcript, he requested copies of all other documents and transcripts maintained in the court's file. The District Court denied Byrd's motion because it was too vague, broad, and overly burdensome. To the extent Byrd appeals this ruling, we conclude that the District Court did not abuse its discretion. We note that Byrd has not identified any issues suggesting that his appeal is not frivolous (but presents a substantial question). See 28 U.S.C. § 753(f).

Accordingly, we shall dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] The Clerk is directed to file Byrd's brief, which was received for the Court's information on November 15, 2006.